```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                     FORT SMITH DIVISION


ROY ABSHIRE, DAVID L. COLE,
WILLIAM McMURRAY, J.C. GREENBUSH
STEVE TRENT, and similarly situated employees      PLAINTIFFS

V.                          CASE NO. 10-2170

REDLAND ENERGY SERVICES, LLC                        DEFENDANT
```

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Redland Energy Services, LLC's ("Redland") Motion for Summary Judgment (Doc. 16), Memorandum Brief in Support (Doc. 17), and Statement of Facts (Doc. 18); Plaintiffs' Response in Opposition (Doc. 26) and Memorandum Brief (Doc. 27); and Defendant's Supplement to Motion and Reply to Plaintiffs' Response (Doc. 28).  For the reasons discussed herein, Defendant's Motion (Doc. 16) is **GRANTED**.

### I.   Background

This matter was instituted on behalf of Plaintiffs Roy Abshire, David L. Cole, William McMurray, J.C. Greenbush, and Steve Trent, individually, and as representatives of all those similarly situated, for alleged violations of the wage and hour requirements of the Fair Labor Standards Act ("FLSA").  Plaintiffs are hourly employees of Redland who worked on oil drilling rigs.  Their shift schedule consisted of 12-hour shifts each day, seven days per week from Tuesday through Monday, every other week.  Prior to June 2009, Plaintiffs worked according to this schedule approximately 84 hours

per workweek, of which 44 hours were overtime hours paid at a rate of time-and-a-half.

In June of 2009, Redland distributed a memorandum to Plaintiffs and all other oil rig workers informing them that the payroll period would be changed to run from Sunday to Saturday rather than Tuesday to Monday.  Even though the payroll period changed, Redland kept the rig workers' Tuesday to Monday shift schedule the same.

Plaintiffs filed a Complaint (Doc. 1), followed by an Amended Complaint (Doc. 3) in November 2010, alleging that Redland's decision to change the payroll period without altering the shift schedule violated the FLSA.  Plaintiffs contend that Redland's payroll period change was made in order to avoid paying rig workers overtime compensation.  To support this contention, Plaintiffs assert that when Redland's pay period aligned with the rig workers' shift schedule, all seven consecutive 12-hour work days for rig workers fell in a single given pay period; however, after Redland changed its pay period so that it no longer aligned with the rig workers' shift schedule, only five consecutive 12-hour work days fell within a single given pay period and the other two 12-hour days in the shift fell in the next pay period.

It is undisputed that both before and after the payroll period change rig employees each worked at least 84 hours over a seven-day period, every other week; but after implementation of the new

payroll policy, rig employees received less overtime compensation than before the policy went into effect. It is Redland's position that it changed the payroll policy for rig workers in order to create uniform payroll administration so that all Redland employees would be on the same payroll schedule.

In January 2011, a few months after Plaintiffs filed the instant lawsuit, the Department of Labor ("DOL") conducted an onsite FLSA investigation into whether Redland violated the applicable overtime laws. The DOL investigator concluded that Redland had not violated the FLSA in aligning its rig employees' pay period with that of the rest of the company. The investigator's Narrative Report (Doc. 16-3) noted that no violations of the FLSA had occurred based on her review of the employer's records and employee interview statements. Further, the investigator specifically addressed Plaintiffs' complaint about the company pay period differing from the oil rig crews' work schedule of Tuesday through Monday each week. The investigator observed in her report: "Overtime is based on the employer's established work week Sunday through Saturday and not the employee's work schedule." She also observed that even though the drilling crews worked Tuesday through Monday, the other Redland employees, including the "work over crew" and the office staff, worked Sunday through Saturday, which matched the company-wide payroll schedule.

The DOL investigator did not include the named Plaintiffs in

her investigation because their lawsuit against Redland was then pending; however, the investigator interviewed other rig workers by telephone who worked the same job and had the same work schedule as the named Plaintiffs.  Ultimately, DOL found that Defendant Redland had not committed any violation of the FLSA, including the overtime compensation violation that is the subject of the instant lawsuit.

## II.  Legal Standard

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In reviewing a summary judgment motion, the court must view the facts and inferences from the facts in the light most favorable to the non-moving party, and the burden is placed on the moving party, to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c);  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986); *Nat'l. Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).  Once the moving party has met this burden, the non-moving party may no longer rest on the allegations in its pleadings, but must set forth specific facts by affidavit and other evidence, showing that a genuine issue of material fact exists.

*See* Fed. R. Civ. P. 56(e).

In order to withstand Defendant's motion for summary judgment, Plaintiffs must substantiate their allegations with "sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Gregory v. Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992).

### III. Discussion

Federal regulations state that an employer's designation of a work week may not be "designed to evade the overtime requirements of the [Fair Labor Standards] Act." 29 C.F.R. § 778.105. There is little legal authority generally, and none in Arkansas specifically, regarding whether an employer's decision to change its employees' pay period violates the FLSA when that decision results in a decrease in employee overtime compensation.

In *Seymour v. Metson Marine, Inc.*, 194 Cal. App. 4th 361, 370 (Cal. Ct. App. 2011), a California court interpreted the FLSA's overtime requirements and held that "an employer may not designate its workweek in a manner that is designed primarily to evade overtime compensation." The court found a violation of the FLSA because the employer "ha[d] not presented any evidence that it ha[d] created an alternating or variable work schedule to accomplish some bona fide business objective or to accommodate employee preferences." *Id.* at 371.

California is not the only jurisdiction to interpret the

FLSA's overtime requirements in this way. The general rule appears to be that an employer may establish a pay week that differs from its employees' work week if it is for a legitimate, or bona fide, business reason. This is true even when a change in the payroll schedule results in decreased payments of overtime compensation to employees. *See Pappas v. The Kerite Co.*, 16 Conn.Supp. 190 (Conn. C.P. 1949) (no right to overtime where payroll period for all factory employees did not coincide with plaintiff's work schedule, since there was "no subterfuge employed to defeat plaintiff's right to overtime pay"); *McCain et al v. Boatel, Inc. et al.*, 1974 WL 1336 (E.D. La. August 13, 1974 ) (summary judgment granted where employer presented legitimate business purpose to justify the difference between the actual work week and the actual pay week); *Allen v. Gonzales Consulting Service, Inc.*, 2011 WL 202088 (W.D. Mich. 2011) (employer granted summary judgment when legitimate business purpose given for denial of overtime to employee whose workweek for payroll purposes began in the middle of his shift); *Blasdell v. State of New York*, 1992 WL 469733 (N.D.N.Y. 1992) (employees' rotating shift schedule did not violate the FLSA because the nature of the job required a work schedule that began on a different day than that of the pay period); *Oliver v. Centerpoint Energy, Inc.*, 2010 WL 2163915 (S.D. Tex. May 27, 2010) (work week differed from pay period used to calculate overtime, but no violation of law absent evidence of employer's intent to evade

6

the FLSA).  *Cf. In re Wal-Mart Stores, Inc., Wage*, 505 F.Supp.2d 609 (N.D.Cal. 2007) (employer's pay policy violated the FLSA because no reason given for policy other than avoiding paying overtime).

In the instant case, Redland provided a legitimate business reason for changing its work week for payroll purposes.  Company officers and staff testified in depositions that the change in the work week was made to align all employees on the same company payroll.  This change was not done as a subterfuge but rather was communicated to the relevant employees via a memorandum.  Moreover, this change was intended to be permanent and has remained so since its inception.  The evidence presented in this case shows that Redland intended to accomplish administrative efficiencies in calculating and paying wages and overtime to company employees using a uniform payroll work week of Sunday through Saturday.  The Court finds that no genuine issue of material fact exists as to the legitimate business reason given for the change in work week.

Although Plaintiffs argue that the true motivating factor behind the pay period change is Redland's desire to avoid paying overtime to rig workers, this inference is not borne out by the deposition testimony and other documentary proof submitted to the Court.  To be clear, the FLSA's requirements are satisfied once a defendant shows that its policy change was made for a legitimate business purpose.  That business purpose need not be the exclusive

7

reason for the policy change.

The Court is also persuaded by the findings of the DOL investigator who examined the particular work week change objected to by Plaintiffs. The investigator found no violations of the FLSA when interviewing Redland's employees and inspecting payroll records and practices. Generally, an agency's interpretation of law and its conclusions after investigation are not controlling; nevertheless, such determinations should be given deference "proportional to their power to persuade." *Madden v. Lumber One Home Center of Stuttgart*, 2010 WL 4974971 (E.D. Ark. Dec. 2, 2010). It is plain that the DOL investigator interviewed employees at the company who were similarly situated to Plaintiffs and inspected time sheets of those engaged in the same work as Plaintiffs. Therefore, the findings of the agency investigator also weigh in favor of summary judgment, in addition to the other reasons outlined above.

**IV.  Conclusion**

Accordingly Defendant Redland Energy Services, LLC's Motion for Summary Judgment (Doc. 16) is **GRANTED**, and this case is dismissed with prejudice. Plaintiffs' Motion to Certify Class or for Collective Action (Doc. 21) is **DENIED AS MOOT**. The parties are to be responsible for their own fees and costs.

**IT IS SO ORDERED this 6th day of October 2011.**

<u>/s/ Robert T. Dawson</u><br>
Honorable Robert T. Dawson<br>
United States District Judge